Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9175 | **DATE** | 10/16/2002 |
| **CASE TITLE** | FIRST SPECIALTY INSURANCE CO. vs. CONTINENTAL CASUALTY CO. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. The Academy's motion to strike the pleadings of First Specialty for failure to post security is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | OCT 21 2002 | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 35 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

FIRST SPECIALTY INSURANCE CORPORATION, )
a Missouri corporation, )
 )
    Plaintiff, )
 )
v. )
 ) No. 01 C 9175
CONTINENTAL CASUALTY COMPANY, an )
Illinois corporation; and AMERICAN ACADEMY ) Judge John W. Darrah
OF DERMATOLOGY, INC., a Minnesota )
nonprofit corporation, )
 )
    Defendants. )

**DOCKETED OCT 21 2002**

## MEMORANDUM OPINION AND ORDER

First Specialty Insurance Corporation ("First Specialty") is a foreign company incorporated in the state of Missouri and is not authorized to do business in the state of Illinois. First Specialty issued a Nonprofit Organization Liability Policy to the American Academy of Dermatology, Inc. ("the Academy"). The policy was effective from September 14, 2000 to September 14, 2001. Plaintiff filed a Complaint for Declaratory Judgment against Defendants, Continental Casualty Company ("Continental") and the Academy, seeking a determination of the rights and liabilities of First Speciality and Continental with respect to a lawsuit filed against the Academy in the United States District Court for Southern Florida.[1]

The Academy filed a counterclaim against First Speciality, alleging that First Speciality is

---

[1] The Academy submitted the Florida Complaint to First Speciality. First Speciality agreed to participate in the defense of the suit in February 2001. On November 29, 2001, First Speciality filed this suit, seeking a declaration that it had no duty to defend the Academy in the Florida action.

required to pay the attorney's fees that the Academy incurred in the Florida lawsuit pursuant to the insurance policy First Speciality issued to the Academy. Subsequently, First Speciality filed its answer to the Academy's counterclaim. First Speciality did not file pre-judgment security prior to filing its answer. Presently before the Court is the Academy's Motion to Strike the Pleadings of First Speciality For Failure to Post Security.

Security statutes, such as Section 5/123, are substantive rather than procedural in nature. Therefore, pursuant to *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938), where jurisdiction is premised upon the Court's diversity of citizenship jurisdiction, a Federal Court should enforce the provisions of the applicable state security statute. *See Lakehead Pipe Line Co. v. American Home Assur. Co.*, 981 F. Supp. 1205 (D. Minn 1997).

The Academy argues that First Specialty's pleadings, including its answer, should be stricken because First Specialty failed to post a pre-judgment security prior to filing the answer, as required by the Illinois Insurance Code.

Under Illinois insurance law:

> Before any unauthorized foreign or alien company shall file or cause to be filed any pleadings in any action or proceeding, including any arbitration, instituted against it, such unauthorized company shall ... file with [the] clerk ... an amount to be fixed by the court sufficient to secure payment of any final judgment which may be rendered.

215 ILCS § 5/123(5). This provision does not apply to:

> any action or proceeding against any unauthorized foreign or alien company arising out of any contract of direct insurance (a) effected in accordance with Section 445 .... where such contract of insurance contains a provision designating the Director and his or her successor or successors in office or a bona fide resident of Illinois to be the true and lawful attorney of such non-admitted insurer upon whom may be served all lawful process in any action or proceeding arising out of

2

>any such contract of insurance or where the insurer enters a general
>appearance in any such action or proceeding.

215 ILCS § 5/123(8).

First Specialty argues that it is not required to post a pre-judgment security because it falls within the above exemption. In support of its argument, First Speciality attached a copy of the declaration page of the insurance policy. The declaration page includes a stamp of the Surplus Line Association of Illinois ("Association") with the signature of the Executive Director of the Association. The stamp is dated January 11, 2001. The declaration page also contains the following notice:

>NOTICE TO POLICYHOLDER: This contract is issued pursuant to
>Section 445 of the Illinois Insurance Code, by a company not
>authorized and licensed to transact business in Illinois and as such is
>not covered by the Illinois Insurance Guaranty Fund.

In addition, First Speciality has filed a general appearance in the action, meeting the second requirement of the exemption.

First Specialty argues that it need not file a pre-judgment security in accordance with Section 123 because it meets an exemption to the pre-judgment security requirement found in Section 123 (8). The Academy argues that First Speciality has failed to prove that it meets such exemption.

The exemption First Specialty relies upon requires that the insurance policy be "effected in accordance" with Section 445. 215 ILCS § 5/123(8). To demonstrate that the policy was "effected in accordance" with section 445, First Specialty must prove: (1) that the surplus line insurance covers "an Illinois risk of kinds specified in classes 2 and 3 of Section 4" of the Illinois Insurance Code; (2) that the insurance was procured after the insurance producer was "unable, after diligent effort, to procure [the] insurance from insurers ... authorized to transact business in this State"; and (3) (a) that

3

it had a policyholder's surplus of not less than $15,000,000 "determined in accordance with accounting rules that are applicable to authorized insurers" and (b) that it had "standards of solvency and management that are adequate for the protection of policyholders; or (c) if it did not meet the standards set forth in (a) and (b), that the surplus lines producer gave "prior written warning" of such fact to the insured. 215 ILCS § 5/445(1). In addition, Section 445 requires that insurance contracts "delivered under this Section from unauthorized insurers shall contain a provision designating the Director and his successors in office the true and lawful attorney of the insurer upon whom may be served all lawful process in any action, suit or proceeding arising out of such insurance." 215 ILCS § 5/445(10).

First Specialty does not allege that the insurance issued by First Specialty, Directors & Officers and Errors & Omissions coverage, is listed in Classes 2 and 3 of Section 4 of the Illinois Insurance Code. Nor is such insurance listed in Classes 2 and 3 of Section 4 of the Illinois Insurance Code. First Specialty also fails to allege that its coverage would have been otherwise unavailable, nor does it supply an affidavit from the broker indicating that the broker conducted a "diligent" search. First Speciality does not allege that it meets the solvency and management requirements of Section 445(1)(a) and (b), nor does it allege that the Academy was put on notice of its failure to meet these elements before the policy was issued as required by 445 (1)(c). Finally, the policy issued by First Speciality does not contain a provision designating the Director "the true and lawful attorney of the insurer" upon whom process may be served.

Based on the above facts, First Specialty has not demonstrated that it issued the insurance policy in accordance with Section 445.

Contrary to the above facts, First Speciality has provided a copy of a declaration page of the

insurance policy indicating that it was issued pursuant to Section 445. The declaration page would appear to demonstrate that First Speciality provided notice to the Academy that the policy was issued pursuant to Section 445. However, the declaration page does not demonstrate that the policy was issued "in accordance" with Section 445; and the above demonstrates that such has not been alleged. In addition, First Specialty does not explain why the "true and correct" copy of the insurance policy attached to its complaint contains the same declaration page that it attached to its response to the present motion, but the complaint copy does not contain either stamps relating to surplus line insurance or notification of the issuance pursuant to Section 445. Furthermore, First Speciality does not offer any explanation why the Surplus Line Association of Illinois stamp contains a January 11, 2001 date stamp for a policy that became effective on September 14, 2000.

Based on the above, First Specialty has not demonstrated that the insurance policy was "effected in accordance with Section 445". Accordingly, First Speciality is not exempt under Section 123 (8).

In the alternative, First Speciality argues that Section 123 does not apply in the instant case because First Speciality initiated the litigation. First Specialty contends that Subsection 5 applies only when an "action or proceeding" is "instituted against" the unauthorized insurer and that it has no application where the action is "instituted by" the unauthorized insurer. In light of First Specialty's voluntarily subjecting itself to this Court's jurisdiction when it filed its suit, the purpose of Section 123 would not be furthered by requiring that pre-judgment security be posted.

The Academy counters that its counterclaim is an action or proceeding "instituted against" First Speciality as required by Section 123. Furthermore, the purpose of Section 123 is met because excluding claims brought as counterclaims would lead to inequitable results because it would

5

encourage insurers to race to the courthouse to file preemptive suits and could result in the counterplaintiff needing to resort to a distant forum to enforce their rights.

> The purpose of [Section 123] is: to subject unauthorized foreign or alien companies to the jurisdiction of courts of this State in actions by or on behalf of insureds... The Legislature declares that it is a subject of concern that many residents of this State or corporations authorized by companies not authorized to do business in this State, thus presenting to such residents or corporations ... the often insuperable obstacle of resorting to distant forums for the purpose of asserting legal rights under such policies. In furtherance of such State interest, the Legislature herein provides a method of substituted service of process upon such companies....

215 ILCS § 5/123.

The Academy's counterclaim constitutes an "action or proceeding" that was "instituted against" First Speciality. Furthermore, the above-stated purpose of Section 123 is to eliminate the need for Illinois residents and corporations from resorting to distant forums to assert their legal rights. The method of meeting that purpose is to subject unauthorized foreign or alien companies to the jurisdiction of courts of this State. *See* 215 ILCS § 5/123. The purpose of the requirement of posting pre-judgment security by an unauthorized foreign or alien company is not to aid in the *method* of meeting the statute's purpose. Instead, the purpose of the pre-judgment security is to insure that the possible amount of final judgment is filed with the court to insure that the Illinois resident would not have to resort to a distant forum to recover any such reward. Accordingly, requiring First Speciality to post a pre-judgment security would not be contrary to the purpose of the statute.

For the foregoing reasons, First Speciality is required to post a pre-judgment security in an amount sufficient to secure the payment of any final judgment which may be rendered against it prior

to filing any pleadings with the Court or demonstrate that it has met all of the criteria of Section 445 set out above to qualify for the exception of Section 123(8). First Speciality has failed to post any pre-judgment security or meet the requirements for exception. Accordingly, the Academy's Motion to Strike the Pleadings of First Speciality For Failure to Post Security is granted.

Dated: October 16, 2002

JOHN W. DARRAH
United States District Judge