Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9175 | **DATE** | 11/26/2002 |
| **CASE TITLE** | First Specialty Insurance Corp. vs. Continental Casualty | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant, American Academy of Dermatology motion to strike First Specialty's summary judgment pleadings for failure to post security bond is denied. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 27 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 NOV 26 AM 11:43 | date mailed notice | |
| SLB | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FIRST SPECIALTY INSURANCE CORPORATION,  )
a Missouri corporation,                 )
                                        )
            Plaintiff,                  )
                                        )
    v.                                  )
                                        )   No. 01 C 9175
CONTINENTAL CASUALTY COMPANY, an        )
Illinois corporation; and AMERICAN ACADEMY )   Judge John W. Darrah
OF DERMATOLOGY, INC., a Minnesota       )
nonprofit corporation,                  )
                                        )
            Defendants.                 )

DOCKETED
NOV 27 2002

## MEMORANDUM OPINION AND ORDER

First Specialty Insurance Corporation ("First Specialty") is a foreign company incorporated in the state of Missouri and is not authorized to do business in the state of Illinois. First Specialty issued a Nonprofit Organization Liability Policy to the American Academy of Dermatology, Inc. ("the Academy"). The policy was effective from September 14, 2000 to September 14, 2001. First Specialty filed a Complaint for Declaratory Judgment against Defendants, Continental Casualty Company ("Continental") and the Academy, seeking a determination of the rights and liabilities of First Speciality and Continental with respect to a lawsuit filed against the Academy in the United States District Court for Southern Florida.[1]

The Academy filed a counterclaim against First Speciality, alleging that First Speciality is

---

[1] The Academy submitted the Florida Complaint to First Speciality. First Speciality agreed to participate in the defense of the suit in February 2001. On November 29, 2001, First Speciality filed this suit, seeking a declaration that it had no duty to defend the Academy in the Florida action.

required to pay the attorney's fees that the Academy incurred in the Florida lawsuit pursuant to the insurance policy First Speciality issued to the Academy. Subsequently, First Speciality filed its answer to the Academy's counterclaim. First Speciality did not file pre-judgment security prior to filing its answer, arguing that it was exempt from the statutory requirements cited by the Academy. In October 2002, this Court granted the Academy's Motion to Strike the Pleadings of First Speciality For Failure to Post Security based on its finding that First Speciality failed to file a pre-judgment security, as required by the Illinois Insurance Code; and it failed to demonstrate that it met all of the criteria of 215 ILCS § 5/445(1) to qualify for the exception found in 215 ILCS § 5/123(8). And, accordingly, this Court struck First Specialty's answer and counterclaim.

First Speciality now seeks to file its answer without filing a pre-judgment security, asserting that it has demonstrated that it meets all of the criteria of 215 ILCS § 5/445(1) to qualify for the exception found in 215 ILCS § 5/123(8). First Speciality must file an answer with a pre-judgment security or demonstrate that it meets any exception for filing the post-judgment security.

Under Illinois insurance law:

> Before any unauthorized foreign or alien company shall file or cause to be filed any pleadings in any action or proceeding, including any arbitration, instituted against it, such unauthorized company shall ... file with [the] clerk ... an amount to be fixed by the court sufficient to secure payment of any final judgment which may be rendered.

215 ILCS § 5/123(5). This provision does not apply to:

> any action or proceeding against any unauthorized foreign or alien company arising out of any contract of direct insurance (a) *effected in accordance with Section 445* .... where such contract of insurance contains a provision designating the Director and his or her successor or successors in office or a bona fide resident of Illinois to be the true and lawful attorney of such non-admitted insurer upon whom may be served all lawful process in any action or proceeding arising out of

> any such contract of insurance or where the insurer enters a general
> appearance in any such action or proceeding.

215 ILCS § 5/123(8). (Emphasis added).

First Specialty argues that it is not required to post a pre-judgment security because it falls within the above exception. To demonstrate that the policy was "effected in accordance" with Section 445, First Specialty must prove: (1) that the surplus line insurance covers "an Illinois risk of kinds specified in classes 2 and 3 of Section 4" of the Illinois Insurance Code; (2) that the insurance was procured after the insurance producer was "unable, after diligent effort, to procure [the] insurance from insurers ... authorized to transact business in this State"; and (3) (a) that it had a policyholder's surplus of not less than $15,000,000 "determined in accordance with accounting rules that are applicable to authorized insurers"; and (b) that it had "standards of solvency and management that are adequate for the protection of policyholders; or (c) if it did not meet the standards set forth in (a) and (b), that the surplus lines producer gave "prior written warning" of such fact to the insured. 215 ILCS §5/445(1). In addition, Section 445 requires that insurance contracts "delivered under this Section from unauthorized insurers shall contain a provision designating the Director and his successors in office the true and lawful attorney of the insurer upon whom may be served all lawful process in any action, suit or proceeding arising out of such insurance." 215 ILCS § 5/445(10).

In support of its argument, First Speciality attached a copy of the declaration page of the insurance policy. The declaration page includes a stamp of the Surplus Line Association of Illinois ("Association") with the signature of the Executive Director of the Association. The stamp is dated January 11, 2001. The declaration page also contains the following notice:

3

> NOTICE TO POLICYHOLDER: This contract is issued pursuant to
> Section 445 of the Illinois Insurance Code, by a company not
> authorized and licensed to transact business in Illinois and as such is
> not covered by the Illinois Insurance Guaranty Fund.

In addition, First Speciality has filed a general appearance in the action, meeting the second requirement of the exception.

First Specialty argues that the presence of the signed stamp of the Association, in itself, demonstrates that the insurance policy was "effected in accordance" with Section 445 pursuant to 215 ILCS § 5/445(5). Section 445(5) states, in pertinent part:

> The submission of insuring contracts to the Surplus Line
> Association of Illinois *constitutes a certification by the surplus line
> producer or by the insurance producer* who presented the risk to the
> surplus line producer for placement as a surplus line risk that after
> diligent effort the required insurance could not be procured from
> insurers which are authorized to transact business in this State other
> than domestic surplus line insurers as defined in Section 455(a) and
> that such procurement was otherwise in accordance with the surplus
> line law.

215 ILCS § 5/445(5). (Emphasis added).

First Specialty's reliance on Section 445(5) is misplaced. The act of submitting the insuring contracts is by operation of the statute deemed to be a certification by insurer that it could not procure insurance from an insurer authorized to transact business within Illinois and that the procurement was otherwise in accordance with the surplus line law; the act of submitting the insuring contracts to the Association does not *prove* that the insurer could not procure insurance from within Illinois and that the procurement was otherwise in accordance with the line surplus law – that the insurance policy was "effected in accordance" with Section 445. Under First Speciality's interpretation, First Specialty would in effect be "certifying" to the Court that it meets the

4

requirements of Section 445 without any objective proof that such requirements are met. Such interpretation of the statute is unreasonable.

First Speciality provides no evidence, including affidavit, that coverage would have been otherwise unavailable or that a diligent search was conducted. Accordingly, First Specialty has not demonstrated it has fulfilled this requirement.

Furthermore, the policy issued by First Speciality does not contain a provision designating the Director "the true and lawful attorney of the insurer" upon whom process may be served as required by Section 445(10). First Speciality argues that the insurance policy's conformity clause adds the required clause.

The conformity clause within the insurance contract provides that: "Terms of this policy which are in conflict with the statutes of the state wherein this policy is issued are hereby amended to conform to such statutes." This conformity clause amends those terms of the policy that are in *conflict* with Illinois statutory insurance law. However, it does not amend the policy by *adding* a clause that is not found within the policy and, therefore, not in conflict with a statute.

Based on the above facts, First Specialty has not demonstrated that it issued the insurance policy in accordance with Section 445. Accordingly, First Speciality is required to post a pre-judgment security in an amount sufficient to secure the payment of any final judgment which may be rendered against it prior to filing any pleadings with the Court. First Specialty's Motion to File Its Answer Without Posting Pre-Judgment Security is denied.

Dated: NOV 2 6 2002

JOHN W. DARRAH
United States District Judge

5